O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CORNELIA DAVIS,

                    Plaintiff,

          v.

LYNWOOD UNIFIED SCHOOL
DISTRICT, RACHEL CHAVEZ;
MARTINA RODRIGUEZ; MARIA
LOPEZ; JOSE LUIS SOLACHE;
ALFONSO MORALES, GUADALUPE
RODRIGUEZ; DHYAN LAL;
ROBERTO CASAS; DIANE LUCAS;
ANIM MENER; MALCOLM BUTLER,

                    Defendants.
_____

) Case No. CV 06-06066 DDP (CTx)
)
) **ORDER DENYING PLAINTIFFS' MOTIONS**
) **FOR ADDITIONAL DISCOVERY, FOR**
) **SETTLEMENT CONFERENCES, TO**
) **CONTINUE THE HEARING ON THE**
) **MOTION FOR SUMMARY JUDGMENT, AND**
) **TO CONTINUE THE TRIAL DATE**
)
) [Motions filed on May 14, 2009]
)
)
)
)
)
)
)

     The instant motions involve five Plaintiffs from seven related

cases against Defendant Lynwood Unified School District, arising

from claims of age, race, national origin, and disability

discrimination.  Five of the seven[1] Plaintiffs filed identical

motions requesting that this Court permit additional discovery and

_____

     [1] The two other related cases are:  Jantha Harris, CV 07-
05058, and Jess Gatzek, CV 07-05062.  Plaintiffs Harris and Gatzek
have not joined the present motions.

move the upcoming trial and summary judgment hearing dates.[2]  These Plaintiffs also request that the Court order additional settlement conferences.

**I.   PLAINTIFF'S MOTION FOR AN ORDER PERMITTING ADDITIONAL DISCOVERY AND TO CONTINUE THE MOTION FOR SUMMARY JUDGMENT**

    A.   <u>Background</u>

The five Plaintiffs and cases at issue on this motion are as follows:

1) Cornelia Davis, CV 06-06066;
2) Fannie Jones Hundley, CV 07-05025;
3) John Delaney, CV 07-05049;
4) Ngozi Usim, CV 07-05052; and
5) Annette Mills, CV 07-05055.

The Davis case was removed to this Court on September 22, 2006. The other cases were filed in federal court on August 2, 2007.  The discovery cut-off for all cases was October 1, 2008.  Accordingly, Plaintiffs have had over one year in four cases and over two years in the fifth in order to conduct discovery.

Defendants filed their motion for summary judgment in all five cases in May.  In response, Plaintiffs filed the instant motion for additional discovery under Federal Rule of Civil Procedure 56(f). Plaintiffs state that they need to conduct the deposition of three persons:  Malcolm Butler, Harold Cebrun, and Martina Rodriguez. (Rees Decl. ¶¶ 6, 10-13.)  Plaintiffs also state that they need additional written discovery in the area of statistics.  (Rees Decl. ¶ 14.)  Because Defendants' motion for summary judgment argues that Plaintiffs do not have evidence of statistical support

---

[2] The summary judgment hearing is currently set for June 13, 2009.  The trial is currently set to begin on July 14, 2009.  The Court notes that it began an eight week criminal trial on June 23, 2009, which will likely affect Plaintiffs' current trial date.

1    for their allegations, Plaintiffs wish to conduct written discovery
2    to determine Lynwood School District's statistical pattern of
3    hiring, firing, promotion, demotion and transfer of employees based
4    on race and age.  (Id.)

5        B.   Legal Standard - Rule 56(f)

6        Rule 56(f) provides that when "a party opposing the motion
7    [for summary judgment] shows by affidavit that, for specified
8    reasons, it cannot present facts essential to justify its
9    opposition," the court may deny the motion for summary judgment,
10   order a continuance to permit further discovery to be taken, or
11   issue "any other just order."  Fed. R. Civ. P. 56(f); Celotex Corp.
12   v. Catrett, 477 U.S. 317, 326 (1986); Terrell v. Brewer, 935 F.2d
13   1015, 1017-18 (9th Cir. 1991).  The party requesting additional
14   discovery and a continuance under Rule 56(f) "must identify by
15   affidavit the specific facts that further discovery would reveal,
16   and explain why those facts would preclude summary judgment."
17   Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th
18   Cir. 2006).  The requesting party bears the burden of showing that
19   "the evidence sought exists"; and denial of the motion is proper
20   where "it is clear that the evidence sought is almost certainly
21   nonexistent or is the object of pure speculation."  Terrell, 935
22   F.2d at 1018.  In addition, "when the plaintiff's prior discovery
23   efforts were not diligent," the Ninth Circuit has declined to limit
24   "the district court's ability to control its docket by enforcing a
25   discovery termination date, even in the face of requested
26   supplemental discovery that might have revealed highly probative
27   evidence."  Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018,
28   1027 (9th Cir. 2006)

3

C.   <u>Discussion</u>

Plaintiffs argue that the reason they were unable to timely conduct the depositions of Butler, Cebrun, and Rodriguez is the fault of Defendants.   Rodriguez allegedly did not appear for her deposition (set for a date four months after the close of discovery), and Defendants' counsel also "did not produce Cebrun or Butler." (Rees Decl. ¶ 6.)  Defendants' counsel disputes these allegations, and state that, after the close of discovery, the parties simply disagreed over what voluntary exchange of information would occur.  (Opp'n 4.)

Plaintiffs describe a number of facts they intend to elicit from these witnesses which would undoubtedly affect this Court's analysis on the motion for summary judgment and raise a genuine issue of material fact.  Rodriguez apparently made a racist comment about African-American school district employees before being elected to the Board of Education and, according to Plaintiffs, her deposition will reveal "that the [School] District did in fact promulgate and impliment[] the discrimination complained of." (Rees Decl. ¶ 11.)  Plaintiffs expect Cebrun to "testify as to his first-hand knowledge of the Board's development and installation of discriminatory policies and practices."  (<u>Id.</u> ¶ 12.)  Butler is the individual that two Plaintiffs, Delaney and Gatzek, contend "conducted a campaign of harassment against them," and is expected to "confirm the Board's pattern of race and age discrimination." (<u>Id.</u> ¶ 14.)  In other words, according to Plaintiffs, these three witnesses represent the proverbial "smoking gun" evidence that Plaintiffs need to demonstrate their various discrimination claims. However, other than providing an overview of the evidence,

4

1  Plaintiffs do not actually describe the specific facts that these

2  witnesses will provide.  Instead, Plaintiffs provide vague and

3  general allegations of the witnesses' job titles and the basis for

4  their general testimony, without providing any actual details.

5      More importantly, other than blaming Defendants' counsel,

6  Plaintiffs do not provide any reason why these depositions were not

7  conducted before the discovery cut-off date in October 2008.

8  Plaintiffs have had over one year to conduct discovery in four of

9  the five cases and over two years in the fifth.  Plaintiffs provide

10 the Court with a number of letters between counsel to demonstrate

11 Defendants' counsel's purported obstructive conduct.  However,

12 these letters begin in March 2009, four months after the discovery

13 cut-off date.  Plaintiffs have been or should have been aware of

14 these witnesses since the beginning of this lawsuit.  Plaintiffs'

15 complaints contain allegations against Rodriguez and Butler, and

16 Cebrun was the superintendent of the district during the relevant

17 time periods.  Plaintiffs submit no argument or evidence which

18 demonstrates that their understanding of these witnesses' roles has

19 somehow changed, and thus would merit further discovery for

20 previously unrecognized reasons.  Furthermore, Plaintiffs had an

21 affirmative obligation to file a motion to compel discovery where

22 Defendants have failed to act responsively to their requests.

23     The Court's review of Plaintiffs' request for additional

24 discovery related to statistical evidence is similar.  In their

25 motion for summary judgment, Defendants argue that Plaintiffs lack

26 evidence of discrimination by examining statistics of teacher

27 hiring, firing, promotion and transfer.  Plaintiffs thus state that

28 "written discovery is necessary to controvert" Defendants'

contentions.  Again, Plaintiffs do not describe exactly what statistical evidence they require, what person or entity is in possession of this information, and why they failed to obtain or seek this evidence before the cut-off of discovery.

In sum, Plaintiffs have failed to diligently prosecute discovery in this matter, and have not described in more than vague or conclusory terms the specific evidence which they believe would raise a genuine dispute of material fact.  Therefore, the Court finds that Plaintiffs' lack of diligence and vague requests are insufficient to warrant additional discovery or a continuance of the hearing on the motion for summary judgment under Rule 56(f).

D.   Conclusion

For the foregoing reasons, Plaintiffs' motion is DENIED.

**II.   PLAINTIFFS' MOTION TO CONTINUE TRIAL AND RELATED DATES AND FOR AN ORDER FOR SETTLEMENT CONFERENCES**

Plaintiffs request that this Court continue the trial and require the parties to conduct additional, individual settlement conferences with each Plaintiff.

Plaintiffs' motion to continue trial is predicated on the opportunity for additional discovery and a trial date of July 14, 2009.  The Court has denied the motion for additional discovery and, accordingly, denies the motion to continue the trial on this basis.[3]  As to the motion that the Court order settlement conferences, the Court notes that the parties have already unsuccessfully engaged in some settlement discussions.  As such, the Court declines to order settlement conferences at this time.

---

[3] Again, this trial date will likely be continued regardless, due to the current trial before the Court.

1    However, as noted by Defendants, nothing precludes the parties from

2    entering discussions on their own initiative.

3         Therefore, Plaintiff's motion is DENIED.

4    **III. CONCLUSION**

5         For the foregoing reasons, Plaintiffs' motions are DENIED.

6

7    IT IS SO ORDERED.

8

9

10   Dated: June 30, 2009

11                                  DEAN D. PREGERSON
                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28